## Porto Rican Leaf Tobacco Co. *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 7.—Resuelto en junio 29, 1907.

Acción Rescisoria—Enajenación de Bienes Inmuebles Sujetos á Reserva— Inscripción del Derecho de Reserva—Terceros.—Las enajenaciones de bienes inmuebles sujetos á reserva, hechos por el viudo ó viuda después de contraer segundo matrimonio, no son nulas de derecho, sino rescindibles en

los casos en que á su muerte quedaren descendientes legítimos del primer matrimonio, pero tal acción de rescisión no puede ejercitarse en perjuicio de tercero que hubiere inscrito su derecho, cuando no se ha hecho constar claramente, en el registro, la .calidad de reservables de los bienes de que se trate. La anterior doctrina es aplicable á los casos de reserva á que se refiere el artículo 799 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Hernández Usera.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don José Hernández Usera, á nombre de *Porto Rican Leaf Tobacco Co.* v. *El Registrador de la Propiedad de Caguas,* denegatoria á inscribir una escritura hipotecaria.

*Resultando:* que por escritura pública otorgada en el pueblo de Aibonito, ante el abogado y notario de esta ciudad, con ejercicio en toda la Isla, Don José Hernández Usera, en 24 de noviembre de 1906, Don Eusebio Coronas y Fernández, como apoderado especial que dijo ser de su legítima esposa Doña Luisa Muñoz Rivera, convino con Don Luis Toro Pasarell, como director y representante legal en esta Isla de la *Porto Rican Leaf Tobacco Co.,* corporación organizada bajo las leyes de New Jersey y registrada debidamente en esta Isla de Puerto Rico, un contrato de refacción para la siembra de 60 cuerdas de tabaco en una finca de la propiedad de su citada esposa Doña Luisa Muñoz Rivera, situada en el barrio de "Honduras," del término municipal de Barranquitas, la que adquirió por herencia intestada de su hijo Don Lorenzo Genaro Santiago y Muñoz, bajo las bases y condiciones establecidas en dicha escritura, entre ellas la de adelantarle el Sr. Toro Pasarell en la representación que ostentaba en concepto de refacción hasta la cantidad de 3,800 dollars que le devolvería á Coronas en un plazo que no excedería del 30 de junio de 1907, con sus intereses á razón del 7 por ciento anual, é hipotecándole el Sr. Coronas en representación de su esposa la finca expresada por los 3,800 dollars de capital y 1,000 dollars más para intereses y costas.

*Resultando:* que presentada esta escritura en el Registro de la Propiedad de Caguas para su inscripción, la denegó el registrador, por los motivos que expresa la nota puesta al pie de dicho documento, la que copiada á la letra dice así:

"No admitida la inscripción del precedente documento, porqüe el número 7 del artículo 108 de la Ley Hipotecaria prohibe hipotecar el derecho de usufructo concedido por las leyes á los padres ó madres sobre los bienes de sus hijos, pues, de tal usufructo puede reputarse el derecho que tiene Doña Luisa Muñoz Rivera sobre la finca que se trata de hipotecar, atendida la obligación que, con arreglo al artículo 799 del Código Civil, tiene de reservarla en favor de los parientes que estén dentro del tercer grado y pertenezcan á la línea de donde tal . finca, procede, toda vez que ésta la adquirió por título de herencia intestada de su hijo habido de su primer matrimonio con Don Genaro Santiago Negrón, llamado Don Genaro Santiago Muñoz, quien á su vez adquirió dicha finca, según derecho de representación por su referido padre, de su abuelo Don José Monserrate Santiago, como aparece de las inscripciones 5ª. y 3ª., respectivamente, de la referida finca. Sin que sea aplicable á este caso la ley de 8 de marzo de 1906, derogatoria del citado artículo 799, por no tener efecto retroactivo, pues la obligación de reservar nació desde el mismo momento en que ocurrió el fallecimiento del intestado Don Genaro Santiago Muñoz, ó sea desde el día 12 de marzo de 1905, y por ende es de aplicarse la regla 6ª. de las disposiciones transitorias del expresado Código. Además, dada la obligación de reservar que el artículo 936 del Código Civil impone á la viuda sobre los bienes que haya adquirido de cualquiera de los hijos de su primer matrimonio, y teniendo en cuenta la clara y terminante declaración que se hace en el artículo 941 del mismo Código, es evidente que aquel acto ó contrato de enajenación es nulo en sí por haberlo realizado Doña Luisa Muñoz Rivera después de haber contraído segundo matrimonio con Don Eusebio Coronas y Fernández; estando comprendido el derecho de hipoteca dentro del concepto de enajenación, según repetidas resoluciones de la Dirección de los Registros, de fechas 13 de junio de 1874, 22 de septiembre de 1879 y 14 de marzo de 1887; habiéndose tomado en su lugar anotación preventiva por ciento veinte días, con presencia de otro documento al folio 46 del tomo 8 de Barranquitas, finca número 48, duplicado, anotación letra B.—Caguas diciembre 15 de 1906."

*Resultando:* que contra esta nota ha interpuesto en tiempo el abogado Don José Hernández Usera, á nombre de la *Porto Rican Leaf Tobacco Co.,* el presente recurso gubernativo para que se revoque y se ordene al registrador la inscripción de la escritura sin nuevos derechos.

*Considerando:* que con arreglo al artículo 942 del Código Civil vigente, las enajenaciones de los bienes inmuebles sujetos á reserva, hechas por el viudo ó viuda después de contraer segundo matrimonio, no son nulas de derecho, sino rescindibles, si á la muerte del cónyuge quedaren descendientes legítimos del primer matrimonio, y esto sin perjuicio, como agrega el artículo citado del Código, de lo dispuesto por la Ley Hipotecaria; aludiendo sin duda á lo preceptuado por los artículos 36 y 38 de la misma sobre las acciones rescisorias y resolutorias de los contratos que no pueden tener efecto en perjuicio de tercero que hubiere inscrito su derecho, cuando no constan claramente del mismo registro; y por consiguiente, si en el registro no consta la calidad de reservable de la finca de que se trata, que se dice haberla heredado Doña Luisa Muñoz Rivera de uno de los hijos de su primer matrimonio, que á su vez la hubo por herencia de su padre, no puede perjudicar esta circunstancia á la sociedad *Porto Rican Leaf Tobacco Co.,* que ha tomado una hipoteca sobre esa finca, ignorando que fuera reservable y que ha presentado su título para ser inscrito en el registro de la propiedad.

*Considerando:* que esta doctrina es igualmente aplicable por analogía de razón á los casos de reserva establecidos por el artículo 811 del antiguo Código Civil, concordante con el 799 del Código Civil vigente, como así lo ha declarado el Tribunal Supremo de Justicia de España en sentencia de 8 de noviembre de 1894 y la Dirección General de los Registros en diversas resoluciones; y por consiguiente, que la escritura de que se trata no es nula, como equivocadamente la ha calificado el Registrador de la Propiedad de Caguas en su nota denegatoria de la inscripcion de dicha escritura.

*Vistas* las disposiciones legales citadas.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Caguas al pie de la escritura hipotecaria de que se trata en el presente recurso, la que se declara inscribible; y devuélvase al registrador con copia certificada de la presente resolución, para que proceda á inscribirla en la forma correspondiente y á lo demás á que haya lugar, con arreglo á derecho.                                   *Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.